People v Oliva (2026 NY Slip Op 01606)

People v Oliva

2026 NY Slip Op 01606

Decided on March 19, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 19, 2026

Before: Moulton, J.P., Friedman, Gesmer, O'Neill Levy, Chan, JJ. 

Ind No. 304/18|Appeal No. 6168|Case No. 2019-02743|

[*1]The People of the State of New York, Respondent,
vAdelmir Oliva, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Mimi Lei of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Oliver Lee of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Lester Adler, J.), rendered March 26, 2019, convicting defendant, upon his plea of guilty, of attempted criminal possession of a weapon in the second degree, and sentencing him to a term of two years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of vacating the surcharge and fees imposed at sentencing, and otherwise affirmed.
Defendant validly waived his right to appeal (see People v Thomas, 34 NY3d 545, 559 [2019], cert denied 589 US 1302 [2020]), which forecloses review of his suppression claim (see People v Luis, 242 AD3d 466, 466 [1st Dept 2025]). As an alternative holding, we find that Supreme Court properly denied that portion of defendant's motion seeking to suppress the firearm recovered from his person. The evidence presented at the suppression hearing established that the police had a sufficient basis to stop the cab, based on a reasonable suspicion that there had been violations of Vehicle and Traffic Law §§ 1120(a) and 375(3). Furthermore, the evidence established that the officer was justified in conducting a protective frisk of defendant based on the totality of the circumstances present, which resulted in the lawful recovery of the firearm (see People v Feldman, 114 AD3d 603, 603 [1st Dept 2014], lv denied 23 NY3d 962 [2014]; see e.g. People v Chapman, 164 AD3d 1181, 1181 [1st Dept 2018], lv denied 32 NY3d 1109 [2018]; People v Price, 49 AD3d 330, 330 [1st Dept 2008], lv denied 10 NY3d 938 [2008]).
Based on our own interest of justice powers, we vacate the surcharge and fees imposed on defendant at sentencing (see People v Ceesay, 231 AD3d 447, 447 [1st Dept 2024]). We note that the People do not oppose this relief.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 19, 2026